# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

Direct Dial: (212) 763-0886
Direct Email: jquinn@kaplanhecker.com

April 1, 2019

**By ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Xclusive-Lee, Inc.* v. *Jelena Noura "Gigi" Hadid*, No. 19 Civ. 520

Dear Judge Chen:

We write on behalf of Defendant Jelena Noura "Gigi" Hadid in the above-referenced action to respectfully request a pre-motion conference on an anticipated motion to dismiss.

Ms. Hadid is a famous American supermodel. It is an unfortunate reality of Ms. Hadid's day-to-day life that paparazzi make a living by exploiting her image and selling it for profit. This lawsuit takes that practice to a new level: the Complaint seeks substantial monetary damages from Ms. Hadid based on allegations that she found a copy of a photograph *of herself* online and reposted it to her personal Instagram account, where it remained for a matter of days.

The plaintiff in this case, Xclusive-Lee, Inc. ("Xclusive"), was not the "author" of the photograph at issue. Xclusive does not allege that a valid copyright has been registered for the photograph—and, in fact, one has not. Xclusive does not allege that it owned or had an exclusive license for the photograph at the time of the alleged infringement. Xclusive also does not allege any actual harm as a result of the alleged infringement. And the Complaint itself establishes that Ms. Hadid's reposting of the photograph at issue was lawful and appropriate.

In short, this lawsuit appears to be nothing more than an effort to extract money from Ms. Hadid, presumably based on a calculation that, even in a meritless case like this, the anticipated costs of litigation would cause Ms. Hadid to pay out a relatively modest settlement. This sort of misuse of the Copyright Act should not be countenanced. For the reasons set forth below, the Complaint should be dismissed.

## I. The Complaint Does Not Allege Basic Elements of a Copyright Infringement Claim

*First*, the Complaint should be dismissed because Xclusive does not (and cannot) allege that it has obtained the copyright registration necessary to bring this action. *See* 17 U.S.C. § 411(a) (infringement action "shall [not] be instituted" until registration occurs). Rather, Xclusive alleges that the photograph "is the subject of a valid and complete application" before the Copyright Office. Compl. ¶ 19. But the law is clear that merely submitting "the application, materials, and fee required for registration" is insufficient. *Fourth Estate Pub. Benefit Corp.* v. *Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019). Rather, "registration occurs, and a copyright

claimant may commence an infringement suit, when the Copyright Office registers a copyright." *Id.* at 886; *see also Capitol Records, Inc.* v. *Wings Dig. Corp.*, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (dismissing copyright claims based on pending applications).[1]

*Second*, the Complaint should be dismissed because Xclusive fails to allege facts establishing that it has a right to bring this action. As a rule, only the "legal or beneficial owner" of a copyright is entitled to claim "infringement of [a] particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Because copyright "vests initially in the author or authors of the work," *id.* § 201(a), it is the photographer who might have a basis to sue for infringement that allegedly took place the day after the photograph was taken, *see* Compl. ¶¶ 8-9. The Complaint here does not allege any relationship between Xclusive and the photographer, and Xclusive's name appears nowhere in the copyright application attached to the Complaint.

Instead, Xclusive alleges that it presently is "the copyright holder" or a "copyright owner or licensee of exclusive rights." *Id.* ¶¶ 8, 19. These conclusory and inconsistent allegations do not establish a right to sue. As a matter of law, an original author "can assign its copyright but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them." *ABKCO Music, Inc.* v. *Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991). The same is true for exclusive licensees, who may bring an action for past infringement only where the document granting the exclusive license "states explicitly that it includes the causes of action . . . accrued prior to the grant." *Getty Images (US) Inc.* v. *Advernet, Inc.*, 797 F. Supp. 2d 399, 412 (S.D.N.Y. 2011). The Complaint here fails to allege any assignment or exclusive licensing agreement, let alone one that expressly gives Xclusive the right to assert the accrued claims of the photographer. Dismissal is therefore appropriate.

## II. The Complaint Shows That Ms. Hadid's Use of the Photograph Was Permissible.

Even leaving aside its fatal deficiencies, the Complaint establishes that Ms. Hadid's reposting of the photograph was fair use and consistent with an implied license, and therefore not actionable. *See Oyewole* v. *Ora*, 291 F. Supp. 3d 422, 436 (S.D.N.Y. 2018) (dismissing infringement claims on fair use grounds).

The fair use doctrine espouses an "equitable rule of reason" allowing others to "use the copyrighted material in a reasonable manner without [the author's] consent." *Harper & Row Publishers, Inc.* v. *Nation Enters.*, 471 U.S. 539, 549, 560 (1985). Fair use requires "an open-ended and context-sensitive inquiry," *Blanch* v. *Koons*, 467 F.3d 244, 251 (2d Cir. 2006), in which courts consider the four statutory factors from 17 U.S.C. § 107, along with "any other relevant considerations," *Fox News Network* v. *Tveyes, Inc.*, 883 F.3d 169, 180 (2d Cir. 2018).

Here all four factors favor Ms. Hadid. With respect to the first factor (purpose and character of the use, including whether commercial in nature), Ms. Hadid merely reposted the

---

[1] This deficiency cannot be cured post-filing. Where a statute bars a plaintiff from "*bringing*—not continuing to prosecute—" a lawsuit, a plaintiff cannot avoid dismissal if circumstances change during litigation. *United States ex rel. Wood* v. *Allergan, Inc.*, 899 F.3d 163, 172 (2d Cir. 2018) (filing deficiency could not be "cured" because "amended or supplemental pleading cannot change the fact that [plaintiff] *brought* an action" in violation of statute).

KAPLAN HECKER & FINK LLP

3

photograph on her Instagram page and did not market or sell it. The first factor therefore favors Ms. Hadid. *See Blanch*, 467 F.3d at 252 (first factor favored defendant where defendant's "purposes in using [] image [were] sharply different from [plaintiff's] goals").

The second factor (nature of the copyrighted work) favors Ms. Hadid as well, as the photograph not a studio composition but rather a quick "shot in a public setting"—there is no allegation that the photographer "attempted to convey ideas, emotions, or in any way influence [the subject's] pose, expression, or clothing." *Katz* v. *Google Inc.*, 802 F.3d 1178, 1183 (11th Cir. 2015); *see also BWP Media USA, Inc.* v. *Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 408-09 (S.D.N.Y. 2016). What's more, the photograph shows that in this instance Ms. Hadid smiled and posed, and thus *herself* contributed exactly what copyright law protects. *See Rogers* v. *Koons,* 960 F.2d 301, 307 (2d Cir. 1992) (elements of originality in photograph include "posing [of] the subjects"); *see also Gillespie* v. *AST Sportswear, Inc.*, No. 97 Civ. 1911, 2001 WL 180147, at *5 (S.D.N.Y. Feb. 22, 2001) (jury could find defendant was joint author of photographs where defendant contributed to "clothing" and "poses" of models).

The third factor (amount and substantiality of the work used) also favors Ms. Hadid, because the Complaint itself shows that she reposted only a cropped portion of the photograph, which focused more on the elements that she contributed, and less on the elements that the photographer arguably did (*e.g.*, overall framing of the image). *See* Compl., Exs. 1, 3-4.

And the fourth factor (effect upon the market for the copyrighted work) strongly favors Ms. Hadid. *See Fox News*, 883 F.3d at 179 (fourth factor is "most important element of fair use"). The Complaint does not allege that Ms. Hadid's use deprived Xclusive of any, much less "significant," revenue. *Id.* Ms. Hadid merely reposted an already-published, cropped, and less-than-full-resolution copy of the photograph on her personal Instagram page.

"Other relevant considerations" also weigh in Ms. Hadid's favor. It is one thing for paparazzi to take advantage of Ms. Hadid by surveilling her, taking photographs of her every public movement, and selling them for profit. It is quite another to demand damages based on an Instagram post by the very person whose fame the paparazzi sought to exploit in the first place.

Xclusive's claims also fail because the Complaint shows that Ms. Hadid had an implied license permitting her to repost the photograph. Although the law on implied licenses "shows a measure of conflict," courts generally look to parties' conduct to determine whether there "was a 'meeting of the minds' between the parties to permit the particular usage at issue." *Psihoyos* v. *Pearson Educ., Inc.*, 855 F. Supp. 2d 103, 119, 124 (S.D.N.Y. 2012). As the Complaint's exhibits show, Ms. Hadid permitted the photographer to take a photograph of her and, by posing, contributed to the photograph's protectable elements. *See Gillespie*, 2001 WL 180147, at *5. From this interaction a license can, and should, be implied permitting Ms. Hadid to use the photograph—at least in ways that do not interfere with the photographer's ability to profit.[2]

---

[2] Xclusive's claim for contributory infringement also fails because the Complaint does not actually allege any infringement by a non-party. *Reis, Inc.* v. *Lennar Corp.*, No. 15 Civ. 7905, 2016 WL 3702736, at *4 (S.D.N.Y. July 5, 2016). And merely reposting a copy of a photograph does not establish any "knowledge of [] underlying direct infringement" or any "substantial" acts taken to "encourage[] or assist[] the infringement." *Stanacard, LLC* v. *Rubard, LLC*, No. 12 Civ. 5176, 2016 WL 462508, at *14 (S.D.N.Y. Feb. 3, 2016).

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

*John C. Quinn*

John C. Quinn

cc:   Counsel of record (by ECF)