UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
XCLUSIVE-LEE, INC.,

              Plaintiff,

          - against -

JELENA NOURA "GIGI" HADID,

              Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-520 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

On January 28, 2019, Plaintiff Xclusive-Lee, Inc. ("Plaintiff") commenced this action against Defendant Jelena Noura "Gigi" Hadid ("Defendant"). Before the Court is Defendant's motion to dismiss, which the Court grants for the reasons set forth below.

## BACKGROUND

Defendant is an internationally famous supermodel. (Complaint ("Compl."), Dkt. 1, ¶ 2.)[1] She personally maintains an Instagram[2] account, which had more than 43.7 million followers

---

[1] Because this is a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true. *Building Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). The Court, therefore, recites the relevant facts that are sufficiently pled in the complaint, but does not rely on any conclusory statements from the complaint. *See In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) ("The court need not credit conclusory statements unsupported by assertions of facts[,] or legal conclusions . . . presented as factual allegations." (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

[2] "Instagram is a social media service that permits users to share, or 'post,' photographs through an online network." *Fisher v. Mermaid Manor Home for Adults, LLC*, 192 F. Supp. 3d 323, 326 n.2 (E.D.N.Y. 2016).

around the time the complaint in this action was filed.  (Compl., Exhibit ("Ex.")[3] 3, at ECF[4] 13.)

On October 11, 2018, a photograph was taken of Defendant depicting her standing in front of a

ramp and smiling toward the camera (the "Photograph").  (Compl., ¶ 8 & Ex. 1 at ECF 9.)  The

following day, Defendant uploaded to her Instagram account a cropped version of the Photograph

(*id.* ¶¶ 9–10 & Exs. 3–4 at ECF 13, 15),[5] where it remained for several days (*cf. id.* ¶ 10).

On January 28, 2019, Plaintiff commenced the instant action, alleging that it is the

"copyright holder" (*id.* ¶ 8) and "copyright owner or licensee" of the Photograph, which was "the

subject of a valid and complete application before the United States Copyright Office for

Certificate of Copyright Registration by the Register of Copyrights" (*id.* ¶ 19) at the time the

complaint was filed.   Plaintiff additionally alleges that Defendant did not have license or

permission from Plaintiff to post a cropped version of the Photograph on her Instagram account

when she did so on October 12, 2018.  (*Id.* ¶ 11.)  The complaint advances a claim for direct

copyright infringement (*id.* ¶¶ 18–23) and contributory infringement (*id.* ¶¶ 24–26) under the

Copyright Act, 17 U.S.C. §§ 101 *et seq.*  On April 10, 2019, the Court granted Defendant leave to

file a motion to dismiss (*see* Apr. 10, 2019 ECF Entry), which was fully briefed on June 7, 2019

(*see* Dkts. 14–17).

---

[3] For purposes of a motion to dismiss, "[a] complaint is also deemed to include any written
instrument attached to it as an exhibit, materials incorporated in it by reference, and documents
that, although not incorporated by reference, are integral to the complaint."  *Sierra Club v. Con-
Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quotations omitted).

[4] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing
system, and not the document's internal pagination.

[5] The complaint does not contain any factual allegation describing how Defendant obtained
the version of the Photograph she posted to her Instagram account.

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Hogan*, 738 F.3d at 514. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Pension Benefit Guar. Corp. ex. rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729–30 (2d Cir. 2013). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In addressing the sufficiency of a complaint, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Id.* at 678; *see Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (quotations omitted)). "'While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

## I.      Direct Infringement

"In order to establish a claim of copyright infringement, a plaintiff with a valid copyright must demonstrate: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible

elements" of the plaintiff's work. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602

F.3d 57, 63 (2d Cir. 2010) (quotation omitted); *see Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*,

996 F.2d 1366, 1372 (2d Cir. 1993) ("To make out a *prima facie* case of copyright liability, the

copyright holder must prove 'ownership of a valid copyright, and . . . copying of constituent

elements of the work that are original.'" (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,

499 U.S. 340, 361 (1991))).  To survive a motion to dismiss based on failure to state a claim, a

plaintiff bringing a copyright infringement claim

> must generally plead (1) the specific original works which are the subject of the
> copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the
> copyrights were registered in accordance with 17 U.S.C. § 411; and (4) the acts by
> which and the time period during which the defendant infringed the copyright.

*Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 202 (E.D.N.Y. 2018) (quotation and brackets

omitted).

## A. Registration Requirement

Assuming, without deciding, that Plaintiff has sufficiently pled that it owns a valid

copyright in the Photograph, the Court concludes that Plaintiff's copyright infringement claim

should nevertheless be dismissed due to Plaintiff's failure to comply with the registration

requirement.  As the Supreme Court has held, the registration requirement is "[a] statutory

condition" under which a plaintiff must obtain registration of a copyright in a work "before filing

a lawsuit" based on infringement of that work.  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166

(2010).  The relevant provision of the Copyright Act provides,

> [e]xcept for an action brought for a violation of the rights of the author under section
> 106A(a), and subject to the provisions of subsection (b),[6] no civil action for
> infringement of the copyright in any United States work shall be instituted until
> preregistration or registration of the copyright claim has been made in accordance

---

[6] Plaintiff does not argue that any statutory exception to the registration requirement, as set
forth in 17 U.S.C. §§ 106A(a) or 411(b), applies.

with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a).

Here, Plaintiff does not allege that it had been formally granted registration of a copyright in the Photograph from the Copyright Office at the time it filed the complaint in this case. At most, the complaint alleges—and, indeed, Plaintiff appears to concede—that, at the time it commenced this action, it had only *applied for* a copyright in the Photograph. (*See* Compl., ¶ 19.) Under these circumstances, the Supreme Court's recent decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019)—a case interpreting the registration requirement established in § 411(a)—forecloses Plaintiff's direct infringement claim. In *Fourth Estate*, the Supreme Court rejected the position that a copyright owner effectuates registration when it "submits the application, materials, and fee required for registration," and instead held that registration occurs "only when the Copyright Office grants registration." 139 S. Ct. at 888.

Acknowledging the holding in *Fourth Estate*, Plaintiff argues, in effect, that because it filed the complaint in this matter before the Supreme Court's decision in *Fourth Estate*,[7] and because prior to *Fourth Estate*, the Second Circuit had left "the application/registration rule . . . issue to the discretion of individual District Court judges" (Plaintiff's Opposition Brief, Dkt. 17, at ECF 2), *Fourth Estate* should not preclude Plaintiff's infringement claim in this case. The Court disagrees.

There is no doctrinal basis on which this Court can decline to apply a Supreme Court decision that would otherwise apply merely because that Supreme Court decision was issued after

---

[7] The complaint in this case was filed on January 28, 2019. (*See generally* Compl.) The Supreme Court decided *Fourth Estate* on March 4, 2019.

the filing of the complaint at issue in this case. Indeed, Plaintiff cites no case law supporting its position. In *Fourth Estate*, the Supreme Court decisively held that § 411(a) requires a plaintiff to have already been granted registration from the Copyright Office prior to commencing an action for copyright infringement. *See Fourth Estate*, 139 S. Ct. at 888. Although *Fourth Estate* post-dated Plaintiff's filing of its complaint, it is nevertheless binding on all lower federal courts unless and until the Supreme Court decides to revisit it. *See Marbury v. Madison*, 5 U.S. 137, 147 (1803) ("This is the *supreme* court, and by reason of its supremacy must have the superintendence of the inferior tribunals and officers, whether judicial or ministerial."); 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review . . . ."). For this reason, Plaintiff's observation that the Second Circuit may have provided for a different result prior to *Fourth Estate* is of no moment. *See Ins. Grp. Comm. v. Denver & R.G.W.R. Co.*, 329 U.S. 607, 612 (1947) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court."); *Williams v. United States*, No. 15-CV-3302 (RMB), 2015 WL 4563470, at *3 (S.D.N.Y. July 20, 2015) ("It is axiomatic that in our judicial hierarchy, the decisions of the circuit courts of appeals bind the district courts just as decisions of the Supreme Court bind the circuit courts." (quotation omitted)).

### B.      Amendment

Moreover, the Court declines to grant Plaintiff leave to amend the complaint to allege registration should its copyright application be approved in the future. On this issue, the Court finds *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019), persuasive. That case presented the question of "whether a plaintiff that improperly filed suit before a copyright was registered [could] cure that defect by amending its complaint after the

Register has completed registration of the copyright." *Id.* at *1. The court answered that question in the negative, reasoning as follows:

> Plaintiff's argument would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit. Were it correct, a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred. That would undermine Congress's choice to maintain registration as a prerequisite to suit. Enforcing Congress's choice means that an amended complaint alleging compliance with Section 411(a) cannot relate back to a time before that compliance was achieved. . . . By the same token, accepting the Amended Complaint as though it instituted a *new* action for purposes of Section 411(a) will not do—even though it would save Plaintiff the trouble of re-filing, seeking leave to serve another third-party subpoena, perhaps defending a new motion to quash, and paying another filing fee. Indeed, doing so would fly in the face of Section 411(a)'s text, which provides that registration must be complete before a civil action is instituted, and would defeat Congress's purpose to maintain registration as a prerequisite to *suit*, not just to liability.

*Id.* at *2–3 (quotations, brackets, and citations omitted).

\* \* \*

Accordingly, Plaintiff's direct copyright infringement claim is dismissed for failure to state a claim under Rule 12(b)(6) based on Plaintiff's failure to meet the statutory registration pre-filing condition.[8]

---

[8] Because it finds dismissal warranted based on the lack of registration alone, the Court does not address Defendant's three other arguments in support of her motion: (1) that Plaintiff has not sufficiently alleged that it in fact owns a copyright in the Photograph, (2) that Defendant's use of the image constituted fair use, and (3) that Defendant had an implied license permitting her to repost the Photograph. (Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss, Dkt. 15, at ECF 5–13); *see Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) ("Because fair use is an affirmative defense, it often requires consideration of facts outside of the complaint and thus is inappropriate to resolve on a motion to dismiss.").

In the event that Plaintiff files a new action after being formally granted a registered copyright in the Photograph, the Court advises Plaintiff that, at a minimum, it should more fully articulate the means by which it came to own the copyright in the Photograph, because "a bare assertion of ownership is the sort of legal conclusion that the Court need not accept" at the pleadings stage of a copyright action. *Fleurimond v. N.Y. Univ.*, 722 F. Supp. 2d 352, 355 (E.D.N.Y. 2010).

## II.      Contributory Infringement

"One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer." *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) (quotations and brackets omitted).  Having determined, *supra*, that Plaintiff cannot sufficiently plead direct infringement due to its failure to comply with the registration requirement, the Court necessarily holds that Plaintiff fails to state a claim for contributory infringement as well.  *See Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) ("Without a showing of direct copyright infringement, secondary liability cannot be maintained."); *Faulkner*, 409 F.3d at 40 ("[T]here can be no contributory infringement absent actual infringement . . . .").

### CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion to dismiss in its entirety.  The Clerk of Court is respectfully directed to enter judgment and terminate this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 18, 2019
         Brooklyn, New York